STATE, Respondent, *v.* McDONALD, Appellant.

(No. 1,842.)

(Submitted November 11, 1902.   Decided December 1, 1902.)

*Criminal Law — Larceny—Evidence — Instructions—Appeal.*

It is not commendable practice for the court to submit written instructions to the jury with the signatures of the several counsel attached to them.

*Appeal from District Court, Silver Bow County; J. B. Mc-Clernan, Judge.*

George A. McDonald was convicted of the crime of grand larceny.   From the order denying his motion for a new trial and from the judgment he appeals.   Affirmed.

*Mr. J. L. Hamilton,* and *Mr. B. S. Thresher,* for Appellant.

As the prosecution in this case was under the provision of an act of the Montana legislature, approved February 23, 1897, amending Section 883 of the Penal Code of this state, relating to grand larceny, it was immaterial what was the value of the horses described in the information.   This act makes the stealing of the horses claimed by the witness, George Van, grand larceny, regardless of their value.   (Secs. 1 and 2 of an Act to amend Sec. 883 of the Penal Code of Mont., p. 247 of Laws of 1897.)

The overruling of the objection of the defense, at the trial, to the question, "State that conversation," asked of the deputy sheriff, James Fitzsimmons, a witness for the state, as to an alleged statement made to him by the defendant, McDonald, at the time of his arrest, was error, and the testimony of this witness over the said objection was prejudicial to the defendant. The authorities are not uniform as to the requirements of an alleged confession to an officer, to permit of its introduction in evidence at the trial, yet under none, was that testified to by the

witness, James Fitzsimmons, competent or admissible. There should have been at least a *prima facie* case made by the witness as to the alleged statements of McDonald being free and voluntary, without promise of immunity or reward. The testimony of the witness upon this point was merely his own conclusions. In *People* v. *Soto,* reported in 49 Cal. page 67, the court say: "When such a confession is offered in a criminal case, it is incumbent on the prosecution to lay the foundation for its introduction by preliminary proof showing *prima facie* that it was freely and voluntarily made." It is almost universally held that such confessions must be absolutely free and voluntary. We cite only a few of the many decisions to this effect: (*Ter.* v. *McClin,* 1 Mont. 394; *Ter.* v. *Underwood,* 8 Mont. 131; *U. S.* v. *Weikel,* 8 Mont. 124; *People* v. *Soto,* 49 Cal. 67.) The deputy sheriff did not caution McDonald that these alleged statements would be used against him. This was necessary. (*Baker* v. *State* (Tex.), 8 S. W. 23; *Searcy* v. *State* (Tex.), 13 S. W. 782.)

The motion to instruct the jury at the close of the state's case in chief, should have been sustained. The trend of modern decisions is to the effect that recent possession of stolen property of itself does not place upon the defendant the burden of explaining such possession and that before he can be required to offer any explanation, the prosecution must furnish additional evidence tending to implicate him in the larceny charged. (*Ter.* v. *Doyle,* 7 Mont. 245; *People* v. *Fagan,* 66 Cal. 534; *People* v. *Swinford,* 57 Cal. 86; *People* v. *Noregea,* 48 Cal. 123; *People* v. *Ah Ki,* 20 Cal. 178; *People* v. *Chambers,* 18 Cal. 382.) It is very generally held that an extrajudicial confession is not of itself sufficient evidence to warrant a conviction. There must be other corroborating, independent proofs. (*Roberts* v. *People* (Colo.), 17 Pac. 637; Wharton's Crim. Ev. Sec. 632; *McLain* v. *Com.* (Pa.), 1 Atl. Rep. 45; *People* v. *Jaehne* (N. Y.), 8 N. E. Rep. 374; *U. S.* v. *Bassett* (Utah), 13 Pac. 237; *State* v. *Penny* (Iowa), 30 N. W. 561; *Floyd* v. *State* (Ala.), 2 Southern, 683; *Willard* v. *State* (Tex.), 11 Amer. State R. 197; *Harris* v. *State* (Tex.), 19 Amer. State R. 837.) If from the

whole evidence of the state there could be drawn an inference that McDonald, after the larceny of the horses by another, had come into the possession of the stolen property, knowing it to have been stolen, still there would be nothing in this view to warrant his conviction of the crime charged in the information. (*State* v. *Rechnitz,* 20 Mont. 488; *Slate* v. *Kinder,* 22 Mont. 516.) There being no evidence before the court and jury tending to connect the defendant, McDonald, with the alleged larceny of the horses in Silver Bow county, the court should have instructed the jury to acquit. (*State* v. *Welch,* 22 Mont. 92; *State* v. *Fisher,* 23 Mont. 540.)

It was prejudicial error for the court to permit the jury to take to their room, when retiring to consider their verdict, the thirteen instructions offered by the prosecution, with the words, "Peter Breen, County Attorney," endorsed thereon, and the four instructions offered by the defense, with the following endorsement thereon: "L. J. Hamilton and B. S. Thresher, Attorneys for Defendant." (Penal Code, Sec. 2070, Subd. 5; Laws of 1901, page 160; Laws of 1897, pages 241-242; Constitution, Art. V, Sec. 23.) The giving of an oral instruction to a jury in a criminal case, without the defendant's consent, is reversible error, and consent is not to be presumed from his presence and failure to make objection when the oral instruction is given. (*State* v. *Fisher,* 23 Mont. 540; *Slate v. Harris,* 23 Mont. 79; *People* v. *Wopner,* 14 Cal. 437; *People* v. *Chares,* 26 Cal. 78; *People* v. *Prospero,* 44 Cal. 186; *People* v. *Hersey,* 53 Cal. 574; *People* v. *Bennington* (Kan.), 25 Pac. 91.)

Under the provisions of Subdivisions 5 and 6 of Section 2070 of the Penal Code, permitting the jury to take to their room the instructions numbered 2, 8 and 9, with the refused portions appearing thereon, in such condition that the same could be easily read by the jury, was in effect a violation of the prohibition that "No refused instructions must be read in the hearing of the jury." The authorities cited in support of the last point are applicable to this.

Instruction No. 1, offered by the prosecution, was as follows: "The defendant, George A. McDonald, by information, is ac-

cused of the crime of grand larceny, alleged to have been committed in Silver Bow county, state of Montana, on or about the 15th day of December, A. D. 1901. The defendant pleads not guilty. This plea requires proof upon the part of the prosecution of all the material allegations contained in the information beyond a reasonable doubt." This instruction is defective, in that it contains no statement of these material allegations and no advice to the jury as to the character of the proof necessary to the support thereof. This omission is not remedied by any other instruction given. We urge that neither Section 2070 of the Penal Code, nor Subdivision 5 thereof, has been amended, and that the method of giving instructions by the court, after the arguments of counsel, provided for by Section 1080 of the Code of Civil Procedure, and by this subdivision made applicable to the giving of instructions in criminal cases, is still the only lawful way to instruct the jury in a criminal trial. It was therefore reversible error to give the instructions before the arguments of counsel.

Whatever the conflict in authorities as to whether the recent possession of stolen property places upon the defendant the burden of explaining such possession, it is uniformly held that only a reasonable explanation is required. (*State* v. *Payne* (Wash.), 34 Pac. 317.) A defendant should not be convicted because of mere suspicion of having committed the crime charged. (*State* v. *Whorton,* 25 Mont. 11.)

*Mr. James Donovan, Attorney General,* for the State.

MR. JUSTICE MILBURN delivered the opinion of the court.

The defendant, appellant, was convicted in the district court of Silver Bow county of the crime of grand larceny, having been informed against with one other. From the order denying his motion for a new trial and from the judgment he has appealed.

Thirteen assignments of error are made. We have carefully considered all assignments, and we do not find any error made by the court.

We add, however, that the submitting of written instructions to the jury with the signatures of the several counsel attached to them, as in this case, is not to be commended.

Let the order and judgment appealed from be affirmed.

*Affirmed.*